UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HENRY SMITH,

    Petitioner,

v.

KEISHA FISHER, et al.,

    Respondents.

Civil Action
No. 22-2575 (CPO)

OPINION

**O'HEARN, District Judge.**

Petitioner is a state prisoner currently incarcerated at South Woods State Prison, in Bridgeton, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

I.     **BACKGROUND & DISCUSSION**

This case arises from Petitioner's parole proceedings. According to Petitioner, the New Jersey State Parole Board wrongfully denied him parole on August 28, 2019. (ECF No. 1, at 6.) Petitioner appealed the decision, and the Superior Court of New Jersey, Appellate Division, affirmed in November of 2020. (*Id.*) Thereafter, Petitioner filed a petition for certification with the Supreme Court of New Jersey, and that court denied certification in October of 2021. (*Id.*)

Petitioner filed the instant Petition on May 2, 2022, challenging the decision of the Parole Board under 28 U.S.C. § 2241. (*Id.* at 1.) In *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3d Cir. 2001), however, the Third Circuit held that state prisoners cannot challenge a state parole board decision through a § 2241 petition. *E.g.*, *Nathaniel Parks v. New Jersey Dep't of Corr.*, No. 21-20362, 2022 WL 1058371, at *1 (D.N.J. Apr. 8, 2022); *Stokes v. N.J. Dep't of Corr.*, No. 21-18035, 2022 WL 464604, at *1 (D.N.J. Feb. 15, 2022); *Neri v. Mid State*, No. 13-4555, 2014 WL 575458,

at *2 (D.N.J. Feb. 11, 2014); *see also Thomas v. Pennsylvania Parole Bd.*, No. 21-1877, 2022 WL 1111344, at *2 (M.D. Pa. Feb. 24, 2022).

Instead, the Third Circuit held that prisoners must raise such challenges under the more specific provisions of 28 U.S.C. § 2254, which govern habeas challenges to state court judgments, including the denial of parole. *Coady*, 251 F.3d at 484–85; *Parks*, 2022 WL 1058371, at *1; *Neri*, 2014 WL 575458, at *2. As a result, this Court lacks jurisdiction under § 2241 to consider Petitioner's challenges to the Parole Board's decision. Accordingly, the Court will dismiss the Petition for lack of jurisdiction.

Finally, the Court declines to convert the § 2241 Petition to one under § 2254. Petitions under § 2254 have different filing requirements, and there are significant legal consequences to the filing of a petition under § 2254. *See Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). The Court will direct the Clerk to mail Petitioner a blank § 2254 petition. If Petitioner wishes to pursue his challenges to the Parole Board's decision, he may file a § 2254 petition under a new docket number.

## II. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. An appropriate Order follows.

DATED: July 13, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**